UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RACIEL GUZMAN *et al.*,

                  Plaintiffs,

-v-

B&A PLUMBING & HEATING CORP. *et al.*,
                  Defendants

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/3/17

No. 16-cv-7727 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    On August 3, 2017, the Court held a fairness hearing on the proposed settlement, which is attached to this order. As set forth on the record at the fairness hearing, the Court found that the settlement was fair and reasonable, *see Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), and that the request of Plaintiffs' counsel for attorney's fees and litigation costs in this action is fair and reasonable. Accordingly, IT IS HEREBY ORDERED THAT the settlement and award of attorney's fees and costs are approved as to Plaintiffs Alexander Colon, Cristhian Diaz, Raciel Guzman, and Juan Nunez.

    IT IS FURTHER ORDERED THAT the Court retains jurisdiction to enforce the settlement agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994). The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:    August 3, 2017
             New York, New York

                                                  RICHARD J. SULLIVAN
                                                  UNITED STATES DISTRICT JUDGE

## AGREEMENT AND RELEASE

B&A Plumbing and Heating Corp. ("B&A") and William Ausperber ("Ausperger") (incorrectly sued as William Ausberger) and the aforementioned entity's divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, management companies, leasing and payroll companies, assigns, officers, directors, members, partners, trustees, employees, agents, actuaries, accountants, stockholders, administrators, representatives, attorneys including without limitation attorneys who appeared in this action, insurers or fiduciaries, past, present or future (collectively hereinafter referred to as "Defendants"), and Raciel Guzman a/k/a Miguel Flores ("Guzman"), Juan Nunez ("Nunez"), Alexander Colon ("Colon"), and Cristhian Diaz ("Diaz") (collectively, "Plaintiffs") desire to avoid the costs, risks, and delays associated with litigation and to resolve the claims asserted in this action between the parties and therefore agree as follows:

1. **Definition of Parties**.

    a. "Plaintiffs" shall be defined to include, but is not limited to, Guzman, Nunez, Colon, and Diaz, and all affiliated persons or entities, including, but not limited to, their present or former domestic partner, spouse, dependents, heirs, assigns, successors, creditors, debtors, counsel and any otherwise affiliated or related persons and entities. If an obligation or right is that of any Plaintiff personally, they will be referred to individually.

    b. "Defendants" shall be defined as B&A Plumbing and Heating Corp. and William Ausperger and the aforementioned entity's divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, management companies, leasing and payroll companies, assigns, officers, directors, members, partners, trustees, employees, agents, actuaries, accountants, stockholders, administrators, representatives, attorneys including without limitation attorneys who appeared in this action, insurers or fiduciaries, past, present or future.

    c. "Action" or "Lawsuit" refers to the Second Amended Complaint filed by Plaintiffs against Defendants on April 18, 2017, in the United States District Court, Southern District of New York, under Civil Action #: 16-CV-7727.

2. **Consideration**. In consideration for Plaintiffs' signing this Agreement and the release of all claims herein, Defendants agree to make the following payments totaling Ninety-Seven Thousand Dollars and Zero Cents ($97,000.00), to be apportioned between Plaintiffs and their counsel. The apportionment of the total payments due shall be pursuant to the terms set forth below:

    a. Payment to "The Kaplan Law Office" in the amount of Thirty Four Thousand Nine Hundred One dollars ($34,901.00) on behalf of Raciel Guzman, a/k/a Miguel Flores (the "Guzman Payment") representing wage damages, liquidated damages, retaliation damages, discrimination damages and other damages. The Guzman Payment shall be made within twenty-one (21) days after defense counsel's receipt of a copy of this Agreement signed by Mr. Guzman, am executed W-9 form for Mr. Guzman's attorney, a Stipulation of

Dismissal with Prejudice ("Stipulation") in the form annexed hereto as Exhibit A signed by counsel for Plaintiffs; and approval of this Agreement by the Court. Plaintiffs' counsel will be responsible for distributing the Guzman Payment to Mr. Guzman directly. Mr. Guzman will be responsible for all taxes due with respect to the Guzman Payment and hereby indemnifies Defendants for any tax liability with respect to the Guzman Payment;

b. Payment to "Juan Nunez" in the amount of Four Thousand One Hundred Sixty Seven dollars ($4,167.00), less applicable payroll taxes and withholdings to be paid within twenty-one (21) days after defense counsel's receipt of a copy of this Agreement signed by Mr. Nunez, executed W-9 forms for Mr. Nunez and his attorney, a Stipulation of Dismissal with Prejudice in the form annexed hereto as Exhibit A signed by counsel for Plaintiffs; and approval of this Agreement by the Court;

c. Payment to "Juan Nunez" in the amount of Thirteen Thousand Nine Hundred Sixty Six dollars ($13,966.00), representing liquidated damages, retaliation damages and other damages, to be paid within twenty-one (21) days after defense counsel's receipt of a copy of this Agreement signed by Mr. Nunez, executed W-9 forms for Mr. Nunez and his attorney, the Stipulation signed by counsel for Plaintiffs; and approval of this Agreement by the Court;

d. Payment to "Alexander Colon" in the amount of Two Thousand Four Hundred Two dollars ($2,402.00), less applicable payroll taxes and withholdings to be paid within twenty-one (21) days after defense counsel's receipt of a copy of this Agreement signed by Mr. Colon, executed W-9 forms for Mr. Colon and his attorney, a Stipulation of Dismissal with Prejudice ("Stipulation") in the form annexed hereto as Exhibit A signed by counsel for Plaintiffs; and approval of this Agreement by the Court;

e. Payment to "Alexander Colon" in the amount of Two Thousand Four Hundred Three dollars ($2,403.00), representing liquidated and other damages, to be paid within twenty-one (21) days after defense counsel's receipt of a copy of this Agreement signed by Mr. Colon, executed W-9 forms for Mr. Colon and his attorney, the Stipulation signed by counsel for Plaintiffs; and approval of this Agreement by the Court;

f. Payment to "Cristhian Diaz" in the amount of One Thousand Two Hundred Ten dollars ($1,210.00), less applicable payroll taxes and withholdings to be paid within twenty-one (21) days after defense counsel's receipt of a copy of this Agreement signed by Mr. Diaz, executed W-9 forms for Mr. Diaz and his attorney, a Stipulation of Dismissal with Prejudice in the form annexed hereto as Exhibit A signed by counsel for Plaintiffs; and approval of this Agreement by the Court;

g. Payment to "Cristhian Diaz" in the amount of Five Thousand Twenty Four dollars ($5,024.00), representing liquidated damages, retaliation damages and other damages, to be paid within twenty-one (21) days after defense counsel's receipt of a copy of this Agreement signed by Mr. Diaz, executed W-9 forms for Mr. Diaz and his attorney, the Stipulation signed by counsel for Plaintiffs; and approval of this Agreement by the Court;

h. Payment to "The Kaplan Law Office" in the amount of Thirty Two Thousand Thirty Six dollars ($32,036.00), representing legal fees, and an additional payment to "The Kaplan Law Office" in the amount of Eight Hundred Ninety One dollars ($891.00), representing reimbursement of litigation costs, to be paid within twenty-one (21) days after defense counsel's receipt of a copy of this Agreement signed by all Plaintiffs, executed W-9 forms for all Plaintiffs and their attorney, the Stipulation signed by counsel for Plaintiffs, and approval of this Agreement by the Court;

i. All payment checks will be sent by overnight delivery to the home office of Plaintiffs' counsel, Charles Caranicas, The Kaplan Law Office, 88 Wyckoff Street, Ste. 4B, Brooklyn, NY 11201.

3. **No Consideration Absent Execution of This Agreement**. Plaintiffs understand and agree they would not receive the monies and/or benefits specified in Paragraph 2 above, except for their execution of this Agreement and the discontinuance of the Action with prejudice.

4. **Release of Claims by Plaintiffs**. Plaintiffs, in consideration of the payments set forth in paragraph 2, release and forever discharge Defendants, and their respective current, former, and future partners, directors, managers, officers, employees, and, in such capacities, administrators, fiduciaries, insurers, agents, attorneys, predecessors, successors, and assigns (and the current, former and future partners, directors, managers, officers, employees, agents, attorneys, predecessors, successors, and assigns of its affiliates), and all persons acting by, through, under, or in concert with any of them, in their individual or representative capacities (B&A and the foregoing other persons and entities are hereinafter defined separately and collectively as the "B&A Releasees"), from all actions, causes of action, claims, and demands whatsoever, whether known or unknown, whether asserted or unasserted, in law or equity, whether statutory or common law, whether federal, state, local, or otherwise, including, but not limited to, any claims related to or arising out of any aspect of Plaintiffs' purported employment and/or employment with B&A, any agreement concerning such employment, or the termination of such employment, which Plaintiffs or Plaintiffs' heirs, executors, administrators, successors, and assigns ever had, now have, or hereafter can, will, or may have, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the date of the respective Plaintiffs' execution of this Settlement Agreement, including, but not limited to:

a. Any and all claims of wrongful discharge or breach of contract, any and all claims for equitable estoppel, any and all claims under the Age Discrimination in Employment Act of 1967, as amended, under the Employee Retirement Income Security Act of 1974, as amended, under the Occupational Safety and Health Act of 1970, as amended, under the Worker Adjustment and Retraining Notification Act of 1988, as amended, under the Family and Medical Leave Act of 1993, as amended, under the Fair Labor Standards Act of 1938, as amended, under the Fair Credit Reporting Act of 1970, as amended, and under the Sarbanes-Oxley Act of 2002, as amended, and any and all claims of employment discrimination on any basis, of unlawful retaliation, or of other unlawful conduct, including but not limited to, any and all claims under Title VII of the Civil Rights Act of 1964, as amended,

under the Equal Pay Act of 1963, as amended, under the Civil Rights Act of 1870, 42 U.S.C. § 1981, as amended, under the Civil Rights Act of 1871, as amended, under the Civil Rights Act of 1991, as amended, under the Americans With Disabilities Act of 1990, as amended, under the Rehabilitation Act of 1973, as amended, under the Immigration Reform and Control Act of 1986, as amended, under the Vietnam Era Veterans Readjustment Assistance Act of 1974, as amended, under the Uniformed Service Employment and Reemployment Rights Act of 1994, as amended, under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), and any and all claims under New York law, or any other state wage payment laws, any and all claims under the New York State Continuation Coverage (New York "Mini-COBRA"), under the New York State Human Rights Law, under the New York City Human Rights Law, under the New York Labor Laws, and under the New York State False Claims Act;

        b.        Any and all claims under any other federal, state, or local labor law, civil rights law, fair employment practices law, human rights law, family and medical leave law, occupational safety and health law, whistleblower protection law, and equal pay law;

        c.        Any and all claims of slander, libel, defamation, invasion of privacy, intentional or negligent infliction of emotional distress, intentional or negligent misrepresentation, fraud, prima facie torts or other tort;

        d.        Any and all claims based on the design or administration of any of B&A's employee benefit plan or program, or arising under any B&A policy, procedure, or employee benefit plan; any and all claims for wages, commissions bonuses, vacation pay or other paid time off, employee benefits equity-based compensation, or other compensation or payments of any kind or nature, or for continued employment with B&A in any position; and

        e.        Any and all claims for monetary recovery, including, but not limited to, back pay, front pay, loans, liquidated, compensatory, and punitive damages, and attorneys' fees, experts' fees, disbursements, and costs.

    5.    **Comprehensive Waiver and Release of Claims against Plaintiffs**. Defendants, in consideration of each Plaintiff's Comprehensive Waiver and Release of Claims as set forth in Paragraph 4 and for other promises and covenants contained in this Agreement, release and forever discharge each Plaintiff, and his respective current, former, and future heirs, executors, administrators, fiduciaries, insurers, agents, attorneys, successors, and assigns, and all persons acting by, through, under, or in concert with any of them, in their individual or representative capacities (Plaintiffs and the foregoing other persons and entities are hereinafter defined separately and collectively as the "Plaintiff Releasees'"), from all actions, causes of action, claims, and demands whatsoever, whether known or unknown, whether asserted or unasserted, in law or equity, whether statutory or common law, whether federal, state, local, or otherwise, including, but not limited to, any claims related to or arising out of any aspect of Plaintiffs' purported employment and/or employment with B&A, any agreement concerning such employment, or the termination of such employment, which the B&A Releasees ever had, now have, or hereafter can, will, or may have, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the date of the respective Plaintiffs' execution of this Settlement Agreement, including, but not limited to claims arising under all

Federal, State and local statutes, regulations, decisional law and ordinances and all contract and tort laws.

6. **Scope of Waiver of Claims**. Nothing in this Settlement Agreement shall constitute a waiver of any rights to enforce the terms of this Settlement Agreement or waiver of claims that cannot be legally waived or of claims that arise after the date this Settlement Agreement is executed. Nothing in this Settlement Agreement shall be construed to prohibit Plaintiffs from filing a charge with or participating in any investigation or proceeding conducted by the EEOC or comparable state or local agency. However, Plaintiffs each agree that they have released Defendants from any and all liability arising from the laws, statutes, and common law listed in Paragraph 4 above. As such, each Plaintiff is not and will not be entitled to any monetary or other comparable relief on his/her behalf resulting from any proceeding brought by any Plaintiff, the EEOC, or any other person or entity, including but not limited to any federal, state, or local agency. With this release of claims in this Settlement Agreement, each Plaintiff specifically assigns to Defendants his/her right to any recovery arising from any such proceeding.

7. **Settlement Contingent on Court Approval**. This Settlement Agreement is contingent upon the Court's approval of the Settlement. If the Court refuses to grant Final Approval, this Settlement Agreement may be voided at either party's option, in which case this Settlement Agreement will become void and will not be used for any purpose in connection with any further litigation in the this lawsuit or any other lawsuit, administrative or other legal proceeding, claim, investigation, or complaint, except that the non-disclosure obligations in Paragraph 8 below will remain in effect.

8. **Non-Disclosure and Communications**.

   a. Plaintiffs and Plaintiffs' counsel will not contact the media or utilize any social media regarding this Settlement or its terms. If contacted regarding this Settlement, Plaintiffs and Plaintiffs' counsels' response can be "no comment" or be limited solely to words to the following effect: "The matter has been resolved."

   b. Plaintiffs' Counsel confirms that they will not upload and have removed any reference from their website and any promotional material about the lawsuit.

   c. Nothing in this Settlement Agreement shall prevent Defendants from filing any required regulatory disclosures regarding the lawsuit or complying with its obligations under the law.

   d. Plaintiffs' Counsel will promptly notify Defendants' Counsel of any third- party demand that they disclose information pertinent to this Settlement.

9. **Mutual Full Cooperation**. The Parties will fully cooperate with each other and with the terms of this Settlement Agreement, including but not limited to, the preparation and execution of documents necessary to implement this Settlement Agreement. The Parties will use their best efforts to effectuate this Settlement Agreement, including during any appeals, and will use their best efforts to obtain the Court's approval of the Settlement and to defend the Settlement from any legal challenge.

10. **Non-disparagement**. Each Plaintiff and each Defendant agrees that he/she will not make derogatory statements, either oral or written about the other that relate to any matter occurring prior to the date of this Agreement, including but not limited to Plaintiffs' work and/or employment with Defendants.

11. **Future Employment**. Each Plaintiff agrees that he will not be employed or reemployed by Defendants, and Plaintiffs will not knowingly accept, apply for or otherwise seek employment with Defendants at any time hereinafter.

12. **Release, Notification and Withdrawal.**

    a. **Defendants advised and advise Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel.** Plaintiffs acknowledge they did so; it is their choice to waive the claims asserted in this action in return for the benefits set forth herein; and, said choice was made after careful thought, and after consulting with their attorneys. Plaintiffs represent that they have been advised to and did consult legal counsel regarding this Agreement. Plaintiffs further represent that after having had a full opportunity to review and consider the terms and conditions of this Agreement, and having discussed them with any member of their immediate families, counsel or financial advisors of their own choosing, and having had sufficient time to review and consider this Agreement, Plaintiffs fully understand all of the provisions of this Agreement and have executed same freely and voluntarily.

    b. Counsel for Plaintiffs will take all steps necessary to dismiss the Federal litigation. If additional documentation is needed to terminate the Federal Action, the parties shall execute and submit all documents required to terminate such proceedings.

13. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. In the event the Plaintiffs or Defendants breach any provision of this Agreement, Plaintiffs and Defendants affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If any provision of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction, the parties agree the court shall have the authority to modify, alter or change the provision(s) in question to make the Agreement legal and enforceable. If this Agreement cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. If the release language is found to be

illegal or unenforceable, Plaintiffs and Defendants agree to execute a binding replacement release(s).

14. **Future Legal Actions**. In the event that any party to this Agreement commences an action, at law or in equity, or a motion, to enforce any right under this Agreement, or to compel compliance with any provision of this Agreement, the parties covenant and agree that the prevailing party in any such proceeding shall be entitled to recover all attorneys' fees and costs incurred in connection with such proceeding, including the fees and costs associated with moving to recover fees and costs.

15. **Amendment**. Except as provided in Paragraph 13 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

16. **Neutral Reference**. Should Defendants receive any inquiry for an employment reference for any of the Plaintiffs, Defendants will only confirm the Plaintiff's dates of employment, the position last held, and final rate of pay. In addition, Defendants will affirmatively state that it is the Employer's official policy to only provide that information.

17. **Resolution of Disputes**. The parties agree that the Court in this Action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this Action.

18. **Non-admission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

19. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiffs acknowledge they have not relied on any representations, promises, or agreements of any kind made to them in connection with their decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiffs' consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

20. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

21. **Legal Fees**. Except as provided for in paragraph 2 of this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

22. **Joint Participation in Preparation of Agreement**. The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any

801457-2                                    7

party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

23. **Miscellaneous.**

   a. All notices or other communication provided for or permitted herein, other than as set forth in 8(c) above, shall be in writing, and mailed by U.S. Registered or Certified Mail/Return Receipt Requested, reputable overnight express courier (Fed Ex, UPS, etc.) or sent by telecopy or other similar communication, provided that, if such communication is used, the notice is also mailed simultaneously by First-Class U.S. Mail, to the party entitled or required to receive same, at the address set forth below or at such other address as such party shall designate by a notice given pursuant to this paragraph. All such notices, etc., shall be deemed given when mailed in accordance with this paragraph.

   i) *If to Plaintiffs:*
   The Kaplan Law Office
   Charles Caranicas, Esq.
   30 Wall St., 8th Fl.
   New York, NY 10005
   Fax: (212) 898-1231

   ii) *If to Defendants:*
   William Ausperger
   B&A Plumbing and Heating Corp.
   4452 Park Avenue
   Bronx, New York 10457

   with a copy to:

   Robert R. Barravecchio, Esq.
   Meltzer, Lippe, Goldstein & Breitstone, LLP
   190 Willis Avenue
   Mineola, NY 11501
   Fax: (516) 237-2893

   b. This Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument, and in pleading or proving any provision of this Agreement, it shall not be necessary to produce more than one (1) of such counterparts. Facsimile and or PDF transmission copies will be deemed and accepted as original in all proceedings and no objection will be raised regarding same. The exhibit annexed hereto is specifically incorporated and made a part of this Agreement.

   c. This Agreement shall inure to the benefit of Defendants, their successors and assigns, including, but not limited to, any corporation, individual, partnership or other entity which may acquire all or substantially all of Defendants' assets and business or with or into which Defendants may be consolidated or merged. This Agreement and its attached

exhibits shall inure to the benefit of Plaintiffs and their executors and assigns.

    d.    Each of the covenants contained herein is a separate and independent covenant. A breach, finding of unenforceability or waiver of any one covenant herein (or of any other covenant or agreement between these parties) shall not relieve either party of any remaining obligations hereunder.

    24.    **Competency to Waive Claims**. At the time of considering or executing this Agreement, each Plaintiff was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Each Plaintiff is competent to execute this Agreement and knowingly and voluntarily waives all claims each has asserted in this action against Defendants.

**PLAINTIFFS HAVE BEEN ADVISED THAT EACH HAS TWENTY-ONE (21) CALENDAR DAYS TO REVIEW THIS AGREEMENT, HAVE BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY BEFORE SIGNING IT AND HAVE CONSULTED WITH THEIR COUNSEL, THE KAPLAN LAW OFFICE REGARDING THE AGREEMENT.**

**PLAINTIFFS AGREE THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS ABOVE, PLAINTIFFS FREELY, VOLUNTARILY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EACH HAS ASSERTED IN THIS ACTION AGAINST DEFENDANTS. PLAINTIFFS HAVE BEEN ADVISED EACH MAY REVOKE THIS AGREEMENT WITHIN SEVEN (7) DAYS OF EACH PLAINTIFF'S EXECUTION.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

| **PLAINTIFFS:** | **DEFENDANTS:** |
|---|---|
| JUAN NUNEZ | B&A PLUMBING AND HEATING CORP. |
| By:_____ | By:_____ |
| Date: _____ | Print Name _____ |

|  |  |
|---|---|
|  | Title_____ |
|  | Date: _____ |
| **RACIEL GUZMAN a/k/a Miguel Flores** | **WILLIAM AUSPERGER** |
| By:_____ | By:_____ |
| Date: _____ | Date: _____ |
| **ALEXANDER COLON** |  |
| By:_____ |  |
| Date: _____ |  |
| **CRISTHIAN DIAZ** |  |
| By:_____ |  |
| Date: _____ |  |

# **ATTACHMENT**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RACIEL GUZMAN and JUAN NUNEZ,      16-CV-7727 (RJS)
on behalf of themselves and all
others similarly-situated,

                                      Plaintiffs,     **STIPULATION OF
VOLUNTARY DISMISSAL
WITH PREJUDICE**

       -against-

B&A PLUMBING AND HEATING CORP. and
WILLIAM AUSBERGER,
                                      Defendants.
------------------------------------------------------------X

      Plaintiffs, Raciel Guzman a/k/a Miguel Flores, Juan Nunez, Alexander Colon, and Cristhian Diaz (collectively, "Plaintiffs") and B&A Plumbing and Heating Corp. and William Ausperger (incorrectly sued as William Ausberger) (collectively, "Defendants"), pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, hereby stipulate to the conditional dismissal with prejudice of this action and request that the action be dismissed with prejudice, each party to bear his/its own costs.

      The Parties further stipulate and agree that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

| **THE KAPLAN LAW OFFICE** | **MELTZER, LIPPE, GOLDSTEIN, & BREITSTONE, LLP** |
|---|---|
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| | |
| By:_____ | By: _____ |
|    Charles Caranicas, Esq. |    Robert R. Barravecchio, Esq. |
|    30 Wall St., 8th Fl. |    190 Willis Avenue |
|    New York, NY 10005 |    Mineola NY 11501 |
|    (347) 432-1463 |    (516) 747-0300 |
| | |
| Dated: _____ | Dated: _____ |

801457-2

exhibits shall inure to the benefit of Plaintiffs and their executors and assigns.

    d. Each of the covenants contained herein is a separate and independent covenant. A breach, finding of unenforceability or waiver of any one covenant herein (or of any other covenant or agreement between these parties) shall not relieve either party of any remaining obligations hereunder.

    24. **Competency to Waive Claims**. At the time of considering or executing this Agreement, each Plaintiff was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Each Plaintiff is competent to execute this Agreement and knowingly and voluntarily waives all claims each has asserted in this action against Defendants.

    PLAINTIFFS HAVE BEEN ADVISED THAT EACH HAS TWENTY-ONE (21) CALENDAR DAYS TO REVIEW THIS AGREEMENT, HAVE BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY BEFORE SIGNING IT AND HAVE CONSULTED WITH THEIR COUNSEL, THE KAPLAN LAW OFFICE REGARDING THE AGREEMENT.

    PLAINTIFFS AGREE THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

    HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS ABOVE, PLAINTIFFS FREELY, VOLUNTARILY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EACH HAS ASSERTED IN THIS ACTION AGAINST DEFENDANTS. PLAINTIFFS HAVE BEEN ADVISED EACH MAY REVOKE THIS AGREEMENT WITHIN SEVEN (7) DAYS OF EACH PLAINTIFF'S EXECUTION.

    IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

**PLAINTIFFS:**

JUAN NUNEZ

By: *Juan Nunez* (signature)
Date: 7-25-17

**DEFENDANTS:**

B&A PLUMBING AND HEATING CORP.

By: *(signature)*
Print Name *William Ausberger* 7/28/17

|  |  |
|---|---|
| **RACIEL GUZMAN a/k/a Miguel Flores** | Title_____ |
|  | Date:_____ |
|  | **WILLIAM AUSPERGER** |
| By: *[signature]* | By:_____ |
| Date: 7-25-2017 | Date:_____ |

**ALEXANDER COLON**

By:_____

Date:_____

**CRISTHIAN DIAZ**

By: *[signature]*

Date: 7-25-2017

By: _____   By: _____

Date: _____   Date: _____

**ALEXANDER COLON**

By: _<u>/s/ signature</u>_____

Date: _7-28-17_____

**CRISTHIAN DIAZ**

By: _____

Date: _____

**RACIEL GUZMAN a/k/a Miguel Flores**

By: _____

Date: _____

**ALEXANDER COLON**

By: _____

Date: _____

**CRISTHIAN DIAZ**

By: _____

Date: _____

Title _*Pres*_

Date: _7/28/17_

**WILLIAM AUSPERGER**

By: _/s/ William Ausperger_

Date: _7/28/17_